LYNN, ADMR., *v.* NANCY KENEDY.

[Abstract Kentucky Law Reporter, Vol. 6—657.]

**Construction of Terms of a Will.**

> A will providing that "I give and devise unto my son (naming him) all my estate, real, personal and mixed in possession, remainder and reversion wheresoever situated (excepting certain property). Should, however, my son die without leaving issue then living, it is my purpose to bestow my estate, for the purpose of benefiting orphan children. Therefore, upon the conditions aforesaid I will and bequeath the estate duly given to my son to the founding and endowing an Orphan Asylum," etc. After the death of the testatrix the son married and died, leaving no issue alive but leaving a widow, held that the term "issue then living" has reference to the date of the death of the devisee.
>
> Held, also, that rents accruing on said estate after the death of the testatrix and before the death of the son upon the death of the son belonging to his estate, and that the estate taken by the son was a defeasible fee.

APPEAL FROM KENTON CIRCUIT COURT.

March 31, 1885.

OPINION BY JUDGE HINES:

This case involves the construction of a will. Mrs. Lynn, a widow of middle age, having a son and only child of eight years of age, executed a will with the following provisions:

"I give and devise unto my son, Joseph K., all my estate, real, personal and mixed, in possession, remainder and reversion wheresoever situated, except the specific bequest hereinafter made. Should, however, my son die without leaving issue then living, it is my purpose to bestow my estate for the purpose of benefiting orphan children. Therefore, upon the conditions aforesaid, I will and bequeath the estate duly given to my son to the founding and endowing an Orphan Asylum," etc.

The mother, the devisor, lived only a few months after the execution of the will. The son lived to be twenty-three years of age, and died leaving a wife and no children. The question is whether the estate passed to the heirs of the son, Joseph K. Lynn, or to the benefit of designated orphans. The devise is in terms absolute of all estate, real, personal and mixed, with the qualification "should my son die without leaving issue then living, I bequeath the estate hereby given to my son to the founding and endowing an orphan asylum."

It appears to me that it would have been difficult for the testatrix to have used language more difficult to express the estate given to the son that was used in the section of the will quoted. "Issue then living" can by no possibility have reference to any other time than that of the death of the devisee. This is equally true of the personal as well as of the real estate. The subsequent provision of the will providing that the nominated guardian might account to the devisee when he arrived at the age of twenty-one does not change the destination of the estate as specified whether the estate be real or personal. It does, however, show that the intention of the testatrix was to give the son an absolute right to the use and consequent consumption of the personal estate after he should arrive at the age of twenty-one. The judgment of the court below construing the will to this extent is correct, but as to the disposition of

rents and profits of the estate, including income from the Covington and Cincinnati Ferry, which had accumulated in the hands of the guardian of Joseph K. Lynn, the judgment is erroneous. The devise over is of the estate devised to Joseph K. Lynn and not of the rents and profits, which as they accumulated became the absolute property of Joseph K. Lynn, and at his death passed to his personal representative. The estate taken by Joseph K. Lynn in the property devised was a defeasible fee. In such case the profits, unless otherwise disposed of by the will, remain the property of the first devisee and pass to his heir or personal representative. *Lynn v. Cleveland's Admr.,* 1 Bush 80.

Judgment *reversed* and cause remanded for proceedings consistent with this opinion.

*W. Lindsay, Simmons & Schmidt, for appellant.*

